IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ARROWOOD INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-cv-1220 |
| JAMES SHIPLEY, individually and as Independent Executor of the Estate of Janet Shipley, deceased, and THE C.P. HALL COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, UNITED STATES MAGISTRATE JUDGE

      This matter comes before the Court for a Report and Recommendation on whether the above captioned matter should be dismissed without prejudice due to the pending bankruptcy of the Defendant The C.P. Hall Company (C.P. Hall).

      Plaintiff Arrowood Indemnity Company is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Arrowood is a successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company. Defendant / Garnishor James Shipley, as Executor of the Estate of Janet Shipley, is seeking payment of a three

million dollar judgment he was awarded against The C.P. Hall Company. Shipley alleges C.P. Hall was an insured of Arrowood.

Defendant C.P. Hall has filed a petition in bankruptcy in the Bankruptcy Court for the Northern District of Illinois, as Case #11-26443.

Arrowood filed this case seeking a declaratory judgment that there is no coverage for C.P. Hall under the alleged Arrowood policies for the Shipley claim and that Arrowood is not indebted to C.P. Hall for the judgment entered in the Shipley litigation.

In November of 2013, Arrowood filed a supplemental status report in Case #11-cv-1211, <u>Shipley v. The C.P. Hall Company, et al</u>. That litigation involved garnishment action removed from State Court to the Central District of Illinois. In the report, Defendant C.P. Hall indicated that the Arrowood insurance policies had been listed by the Trustee as property of the bankruptcy estate in the C.P. Hall bankruptcy. Magistrate Judge Cudmore entered an order indicating, since the proceeds from the Arrowood policies are being treated as property of the C.P. Hall bankruptcy estate, disposition of the claims of those proceeds were subject to the jurisdiction of the Bankruptcy Court. Magistrate Cudmore ordered, pursuant to Local Rule 16.1(D)(2) that the parties were ordered to show cause on or before May 18, 2014, why the Court should not dismiss the

above captioned declaratory judgment action without prejudice due to the pending bankruptcy.

No response showing why this matter should not be dismissed has been filed by any of the parties.

THEREFORE this Court recommends that this matter be dismissed without prejudice.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: June 6, 2014

*s/ Tom Schanzle-Haskins*<br>UNITED STATES MAGISTRATE JUDGE