UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff/Garnishee, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES SHIPLEY, *Individually and as Independent Executor of the Estate of Janet Shipley, Deceased*, | ) ) ) ) Case No.   11-cv-1220 |
| Defendant/Garnishor, and | ) ) |
| THE C.P. HALL COMPANY, | ) ) |
| Defendant. | ) ) |

# **O R D E R**

This matter is before the Court on Magistrate Judge Schanzle-Haskins' Report & Recommendation ("R&R") recommending dismissal of the action (Doc. 13). Plaintiff, Arrowood Indemnity Company, filed a Response to the R&R (Doc. 14), and requests the action be transferred to the Northern District of Illinois. For the reasons stated below, the disposition recommended in the R&R is accepted, the R&R is modified as explained herein, and this action is dismissed.

## **PROCEDURAL HISTORY**

In 2010, a judgment was entered against The C.P. Hall Company ("Hall") in the Circuit Court of the Eleventh Judicial Circuit, McLean County, Illinois, Case No. 10-L-38 (the "Shipley Action") in the amount of $3,000,000, in favor of Janet Shipley for injuries from her exposure to Hall's asbestos products. (Doc. 1 at 1).

Arrowood Indemnity Company ("Arrowood") is the successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company (Doc. 1 at 2), both of whom had extended Hall insurance coverage through certain general liability policies.

As the successor to Security Insurance Company of Hartford and New Amsterdam Casualty Company, Arrowood assumed the afore-mentioned companies' obligations to Hall arising under their general liability insurance policies, such as the obligation to indemnify Hall for certain types of judgments like the one obtained in the Shipley Action. (Doc. 1 at 3-4). Plaintiff, James Shipley, acting individually and as the independent executor of the estate of the now-deceased Janet Shipley, filed a garnishment summons in the Shipley Action in May 2011, seeking garnishment from Arrowood and another of Hall's insurers, Great American Insurance Company ("Great American"), pursuant to the judgment against Hall in the Shipley Action. (Doc. 1 at 2).

Arrowood then removed the entire Shipley Action (the "Original Removal Action") to federal court on June 2, 2011 pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction provided by 28 U.S.C. § 1332. (No. 11-cv-1211, Doc. 1 at 2-4). Seven days later, Arrowood filed this action but leaving out Great American as a party. This matter is a declaratory action in which Arrowood seeks to have this Court declare Arrowood is not obligated to indemnify Hall under its insurance policies for the judgment owed Shipley. This same exact issue is part and parcel of, and would have to be determined in the Shipley Action/Original

2

Removed Action.[1] Arrowood apparently foresaw that the Original Removal Action would be dismissed—and indeed it was dismissed—by this Court and remanded to state court because complete diversity of citizenship amongst the several parties to the Original Removal Action was lacking. (No. 11-cv-1211, Doc. 27). However, because of Hall's intervening bankruptcy and the effects of an automatic stay put in place, the remand to the state court did not occur until April 4, 2014. Thirty days later, Arrowood removed its claim from the Shipley Action back to this Court by utilizing the removal statute for bankruptcy-related matters found at 28 U.S.C. §1452. This Court has entered an Order & Opinion concluding that upon the filing of an appropriate notice of removal, Shipley's claim against Arrowood, which now exists as Case No. 14-cv-1175, will be transferred to the Northern District of Illinois.

In November 2013, Magistrate Judge Cudmore entered a text order ordering the parties in this case to show cause why the matter should not be dismissed due to the fact that Judge Cudmore became aware that any proceeds under Arrowood's insurance policies with Hall would be property of Hall's bankruptcy estate, and thus subject to the jurisdiction of the Bankruptcy Court. (November 18, 2003 Text Order). The parties did not respond and Magistrate Judge Schanzle-Haskins issued an R & R recommending the case be dismissed because of their failure to respond. Arrowood then filed a response to the R & R asking that the case not be dismissed but transferred to the Northern District of Illinois.

---

[1] Arrowood even concedes "both cases involve the determination of Arrowood's coverage… under any policies issued by Arrowood to The C.P. Hall Company." (Doc. 14 at 2).

## LEGAL STANDARDS

Duplicative actions are a waste of judicial time and resources and may be dismissed at the discretion of the court. "As a general rule, a federal suit may be dismissed for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted). District courts have "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* Also, it has been held that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)).

## DISCUSSION

Under either theory of abstention discussed above, it is clear that this is a case that should be dismissed outright. Judge Schanzle-Haskin's conclusion is correct, but this case should not just be dismissed for the failure of the parties to respond to Judge Cudmore's order to show cause; this case should be dismissed because it was filed improvidently. The central issue in this action is entirely duplicative of Case No. 11-cv-1211, and its current iteration, Case No. 14-cv-1175. Arrowood filed this case as a prophylactic measure designed to maintain Shipley's

claim against it in federal court. The Original Removal Action was removed to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction provided by 28 U.S.C. § 1332. (No. 11-cv-1211, Doc. 1 at 2-4). For removal to be effective under section 1446, all the defendants in multi-defendant case must consent to removal, *McMahon v. Bunn–O–Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998), and Great American does not consent to the removal of the Shipley Action. (*See* No. 14-cv-1175, Doc. 6 and 9). Moreover, cases removed on the basis of diversity jurisdiction obviously require diversity amongst the litigants, and diversity in the Original Removed Action was found to be lacking. So Arrowood, in furtherance of its federal forum shopping, filed this action for the sole purpose of preventing a state court from deciding whether its insurance policies extend to Hall for the Shipley judgment.

This case is completely unnecessary. As explained in the Order and Opinion entered in Case No. 14-cv-1175 concurrent with this Order, Shipley's claim against Arrowood will be transferred to the Northern District of Illinois. As Arrowood concedes, both this case and Case No. 14-cv-1175 involve the determination of whether Arrowood's coverage extends to Hall under any policies issued by Arrowood to Hall. (Doc. 14 at 2). The same parties are in both cases, save for Great American, whose absence is of Arrowood's design. There is simply no need for this action to continue as it is duplicative of Case No. 14-1175 and serves no purpose.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Schanzle-Haskin's Report & Recommendation (Doc. 13) is ADOPTED IN PART, and MODIFIED IN PART. This matter is DISMISSED as duplicative of *Shipley v. Hall, et. al.*, No. 14-cv-1175.

CASE TERMINATED.

SO ORDERED.

Entered this 24th day of July, 2014.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge